MATTER OF L—D—L—R—

In EXCLUSION Proceedings

A-11978268

*Decided by Board April 10, 1962*

Misrepresentation—Section 212(a)(19)—Materiality.

Willful concealment in visa application of two arrests in Mexico, following which applicant was issued a police certificate of good conduct showing no criminal record, held to be material misrepresentation within section 212(a)(19) of 1952 Act. Applicant has failed to meet burden of establishing that misrepresentations did not cut off inquiry which might have resulted in denial of visa, and hence he is excludable on ground his visa was obtained by fraud. (Compare *Matter of S— and B—C—*, 9—436.)

EXCLUDABLE: Act of 1952—Section 212(a)(19) [8 U.S.C. 1182(a)(19)—Visa obtained by fraud or by willful misrepresentation.

BEFORE THE BOARD

**DISCUSSION:** The special inquiry officer ordered the applicant's admission to the United States as a returning resident alien and certified the case to the Board for final decision.

The applicant, a 40-year-old married male, a native and citizen of Mexico, was admitted to the United States for permanent residence on May 16, 1960, upon surrender of a nonquota immigrant visa issued on the same date. On August 10, 1960, he sought to return to the United States after a visit to Mexico. He is in possession of an alien registration receipt card (Form I-151). The Service, being of the belief that applicant obtained his visa by fraud because he misrepresented his arrest record when he obtained the visa, held him for a hearing before the special inquiry officer. The special inquiry officer entered a decision on September 21, 1960, finding that a misrepresentation had been made as to the respondent's arrest record, but that the misrepresentation was not a material one. Applicant's admission was ordered as a returning resident. The district director took an appeal. On October 27, 1961, the Board reopened proceedings for consideration of the case in light of the standards concerning misrepresentation promulgated by the Attorney General in *Matter of S— and B—C—*, 9—436. (Oct. 2, 1961). Reopened hearing was held on November 21, 1961. On December 26, 1961, the

623

special inquiry officer entered the order now before us, permitting the applicant to enter the United States as a returning resident.

The Acting District Director at El Paso, Texas, has furnished a brief in opposition to admission of the applicant and the Service representative has appeared at oral argument requesting that the decision of the special inquiry officer be reversed. In connection with the appeal from the special inquiry officer's first order, counsel for the applicant submitted a brief which will be considered at this time.

The applicant has admitted that he willfully concealed the fact he had been arrested in Mexico on two occasions. He denies he has ever been convicted of any crimes.

Applicant's Mexican police record reveals that he was arrested in Mexico on October 24, 1957, and in lawsuit 131/957 was charged with theft from a bus line for taking money from collecting boxes (a metal box containing $265.50 Mex. currency belonging to the bus company was found in his possession). The record reveals that applicant confessed having been involved in this kind of activity for several months; it also reveals that on August 4, 1959, he was detained for investigation, and that on April 19, 1960, a certificate of good conduct was given to him after he had presented an official release from the cause of lawsuit 131/57 (Exh. 5).

A certification from the Third Penal Court of Bravos District, Chihuahua, reveals that during lawsuit 131/957, in which the applicant was charged with abuse of confidence in prejudice of the bus company, a ruling was made on November 1, 1959, which granted pardon to the defendant (applicant) in accordance with Article 103 of the Code of Social Defense, and 303 of the Code of Procedures on Matters of Social Defense, so that the penal action was decreed annulled and dismissed, and that on April 19, 1960, a copy of the ruling was given to the applicant. This copy was presented to the police and on the same day applicant was given a certificate of good conduct showing he had no criminal record (Exhs. 5 and 6). He presented this certificate to the American consul when he applied for a visa.

On May 2, 1960, he executed an application for an immigration visa showing that he had neither been convicted of crime nor that he admitted committing a crime involving moral turpitude, and answering in the negative the question as to whether he had been arrested, charged, indicted, or convicted of crime and whether he had been an inmate of a civilian or military prison (Exh. 4, items 7 and 32; page 7, Hearing of August 17, 1960). His visa was issued on May 16, 1960. The applicant has admitted that he had lied to the consul concerning his arrest record because he feared that if he had told the truth he would not be given a visa (Exh. 3, page 2).

At the hearing the applicant explained that he, along with two others, had been tried on a charge of taking money from the bus company but that no judgment had been entered, and that the charge as to him was withdrawn on the understanding that he would pay 3000 pesos to the company and that he did make such a payment. He said that one of the others charged had been convicted and was released on bond and the third party also was required to pay a certain amount of money as restitution. The applicant denied that he had been guilty of the charge.

At the reopened hearing, he stated he did not know whether the person he thought had been convicted had actually been convicted. Applicant did know that the person had been released on bond. Applicant stated that he was not guilty of the charges. He stated that he had paid the 3000 pesos despite his innocence because the person who had actually stolen the money had been scared into implicating the applicant and another, and the applicant being without representation and having been confined about 12 days thought he could secure his release only by paying the money. Applicant said that he had been working as a mechanic outside the building containing the offices of the bus company; that the person who had committed the crime had been employed in the building; that the person had approached him as they were about to leave for the day and had secured the applicant's permission to take the applicant's tool box into the building, where, to applicant's knowledge, he intended placing a small package into it; that the person had returned with the applicant's tool box in which he had placed a package; and that when the applicant was arrested, it was discovered that the small package contained money belonging to the bus company. The applicant claims he was unaware of what was in the package, or that the actual thief intended using the tool box to steal from the company.

The special inquiry officer ruled that the record failed to establish that the applicant was ineligible to receive a visa because he had not been convicted of a crime, because the arrests themselves do not make the applicant excludable, and because the applicant had not made an admission of the commission of crime or its essential elements. The special inquiry officer held that the misrepresentation did shut off inquiry concerning the applicant's criminal record but that if an inquiry had been made it would not have resulted in a determination that the applicant was ineligible for the issuance of the visa, and the misrepresentation was, therefore, not material. Counsel contends that since the criminal charges were dismissed and the applicant does not admit that he committed a crime, he was not ineligible for the issuance of a visa and could not have been denied one, so that the misrepresentations were not material.

654377—63——41

The acting assistant district director urges that the circumstances reveal that the applicant was involved in a crime and it cannot be said that the consul would nevertheless have issued a visa, and that in any event the uncertainties created by the alien's obstruction of the inquiry should be resolved against him. On oral argument, the Service representative contended that the test as to materiality used by the special inquiry officer was whether the actions of the applicant created a ground of inadmissibility; whereas, the rule set up by the Attorney General in *Matter of S— and B—C—, supra,* is that either a ground of inadmissibility must have existed *or* that an inquiry might have resulted in a determination that a ground of inadmissibility existed (in arriving at a determination in the matter, any uncertainty resulting from the alien's obstruction of the inquiry may be resolved against him). The Service representative urges that had the true facts been in the consul's possession, the inquiry he could have conducted might have resulted in a determination that a ground of inadmissibility existed, because evidence might have been procured from the police or persons charged with the crime which would have enabled the consul to confront the applicant in such a manner that there was a reasonable possibility that applicant might have admitted the offense or that he would have failed to satisfy the consul that he was admissible.

We believe the misrepresentation was material. Applicant was found in possession of stolen property; he was implicated in the theft by a person who had apparently stolen the property; he is reported to have confessed to the crime; he agreed to make restitution; his account of the manner in which the property was taken reveals, despite his present disclaimer, that he could well have been involved. Under these circumstances, we do not believe that the applicant has borne the burden of establishing that his misrepresentation did not cut off a line of inquiry which might have resulted in the denial of the visa to him.

The applicant's visa was obtained by fraud and he is excludable. The order of the special inquiry officer will be withdrawn.

**ORDER:** It is ordered that the order of the special inquiry officer of December 26, 1961, be and the same is hereby withdrawn.

*It is further ordered* that the applicant be excluded from the United States on the ground stated above.